Clarence FRERE, Louise Frere, Joseph Mooibroek, Marla B. Mooibroek, individually and on behalf of all others similarly situated, Plaintiffs–Appellants,

v.

ORTHOFIX INC., a Minnesota Corporation, Robert Gaines Cooper, an individual, Orthofix International, N.V., a Netherlands Antilles Corporation, James Gero, individually, John and Jane Doe 1–4, Defendants–Appellees.

No. 03–7669.

United States Court of Appeals, Second Circuit.

March 12, 2004.

Robert G. Eisler, Lieff, Cabraser, Heiman & Bernstein, LLP, New York, NY, Patrick D. Vellone, Kevin D. Allen, Michael A. Vellone, Allen & Vellone, Denver, Co, for Appellant.

Stephen J. Marzen, Wendy E. Ackerman, and Cynthia P. Abelow, Shearman & Sterling LLP, Washington, DC, for Appellee.

PRESENT: WALKER, Chief Judge, CARDAMONE, and KEITH,* Circuit Judges.

## SUMMARY ORDER

Plaintiffs-appellants Clarence Frere, Louise Frere, Joseph Mooibroek, and Marla B. Mooibroek appeal the May 30, 2003 judgment of the district court dismissing plaintiffs' claims against defendants-appellees Orthofix, Inc., Orthofix International, Inc., and members of the Orthofix Review Committee (the "Committee") for breach of contract, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, and gross negligence.

This case arises from a merger agreement (the "Agreement"), executed in May 1995, under which an entity known as American Medical Electronics, Inc. ("AME") merged with a corporation known as Othello Acquiring Corporation. The resulting corporation became Orthofix, Inc., which is a subsidiary of Orthofix International. Plaintiffs are former shareholders of AME who, pursuant to the Agreement, elected the right to receive certain contingent payments to be calculated on the basis of the annual revenues of the surviving companies. Pursuant to the terms of the Agreement, the Committee was to be established for purposes of calculating the availability and amount of any contingent payments and was expressly appointed to represent the AME shareholders, including the plaintiffs, in the event the amount of payments was submitted to arbitration.

In October 1998, following the close of the last year for which the contingent payments could be earned, plaintiffs submitted a demand to Orthofix to have the Review Committee convene and determine the payments owed to plaintiffs. In January 1999, plaintiffs filed a purported class action complaint on behalf of the AME shareholders in Colorado state court alleging that Orthofix and the Committee members had breached their respective contractual obligations and fiduciary duties under the Agreement by failing to timely meet and determine the payments owed to plaintiffs. In the meantime, on December 4, 1998, the Committee convened and determined a payment amount, as to which at least one member of the committee approved on the condition that it be submitted to arbitration for confirmation. The matter, by agreement of the Review Committee and Orthofix, was submitted to a single arbitrator rather than the three called for in the Agreement. After the arbitrator entered an award confirming the payment amount calculated by the Committee, the defendants removed the Colorado state action to the United States District Court for Colorado. Plaintiffs then filed a petition to vacate the arbitration award in the United States District

* The Honorable Damon J. Keith, Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

Court for the Southern District of New York. The Colorado action was subsequently transferred to the Southern District of New York and consolidated with the petition to vacate. In two separate decisions, the district court denied the motion to vacate the arbitration award, denied plaintiffs' motion to file a second amended complaint, and dismissed the action in its entirety.

On appeal, plaintiffs argue that the district court erred by (1) denying the motion to vacate the arbitration award; and (2) denying their motion to amend as futile and dismissing their claims. Plaintiffs contend that the arbitration award should have been vacated because (1) the arbitration provision had expired; (2) the arbitration award was not binding because plaintiffs were neither represented nor allowed to participate in the arbitration; (3) the arbitration did not comply with the arbitration provision in the Agreement because there was no dispute among the Committee members as to the amount of the payment and the arbitration was conducted before a single arbitrator; and (4) the arbitration award was procured through fraud, corruption, or undue means. In addition, plaintiffs argue that the denial of their motion to vacate the arbitration award did not vitiate their contract claims, thus, the district court should have permitted plaintiffs to file a second amended complaint.

Having thoroughly considered plaintiffs' claims and the record below, we find their arguments to lack merit for substantially the reasons stated in the district court's thorough and thoughtful decisions. *See* *Frere v. Orthofix Inc.*, No. 00–cv–1968, Slip. op. (S.D.N.Y. May 21, 2003) (denying motion to amend complaint and dismissing all remaining claims); *Frere v. Orthofix Inc.*, No. 00–cv–1968, 2002 WL 1543857 (S.D.N.Y. July 15, 2002) (denying

motion to vacate arbitration award). Accordingly, the judgment of the district court is hereby AFFIRMED.